110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Israel ESCOBAR-ORELLANA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70417.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ahp-sux-lem.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Israel Escobar-Orellana, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a) and 1253(h). We review for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Escobar-Orellana contends that the BIA erred by concluding that he neither suffered past persecution nor had a well-founded fear of future persecution based on his political opinion. We disagree.
 
 
 4
 To be eligible for asylum, an applicant must demonstrate past persecution, or a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). Persecution may be by a group which the government is unable or unwilling to control. See Bolanos-Hernandez v. INS, 767 F.2d 1277, 1284 (9th Cir.1984). Under the substantial evidence standard, we must uphold the BIA's denial of asylum unless an alien demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To establish a well-founded fear of future persecution, applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted).
 
 
 5
 Escobar-Orellana testified that from 1985 to 1987 he was a member of the Salvadoran army and from 1987 to 1991 he served in the civil defense, an armed group that under direction of the military protected the welfare of the towns and the people from the guerillas.[1] Escobar-Orellana's duties were to be armed and take care of a farm while also working on the land. He testified that he had his first contact with the guerillas in 1986 when they approached his fishing boat and asked him to tell them where the civil defense were stationed. He stated he did not know and they told him they would kill him if he was lying. Escobar-Orellana testified that thereafter, the guerillas came about once a week and threatened and humiliated him.
 
 
 6
 In 1989, Escobar-Orellana's fishing partner was shot to death. Escobar-Orellana never knew who killed his partner, but believed it was the guerillas because his partner, while intoxicated, would boast that he was a member of the armed forces. Escobar-Orellana stopped fishing after his partner's death but remained at his same address for the next two years until he had saved enough money to leave the country. He stated that while the guerillas continued to ask him for information and threatened to kill him if he did not provide it, they always let him go. He testified that he left El Salvador after friends told him that the guerillas would be coming to kill him because he denied being in the civil defense. Escobar-Orellana also stated that he left El Salvador before his term with civil defense was over and fears that if he returns the army will punish him for desertion and think that he is a traitor who joined the guerillas. He stated that about two years ago his mother wrote to tell him that the civil defense had come looking for him. He testified that he fears persecution by the guerillas and the army and believes that whichever reaches him first will kill him.
 
 
 7
 We agree with the BIA's conclusion that Escobar-Orellana failed to demonstrate either past persecution or an objectively reasonable fear of future persecution. See Cuadras v. INS, 910 F.2d 567, 569-71 (9th Cir.1990). Although he was threatened and harassed, Escobar-Orellana remained unharmed during the five years following his first encounter with the guerillas and the two years following his partner's death. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (fact that applicant remains safe after occurrence of event alleged to have induced his fear is a significant factor for the BIA to consider). Escobar-Orellana presented no evidence that he was ever physically abused, harmed, arrested, or incarcerated in El Salvador. See Cuadras, 910 F.2d at 569. In addition, Escobar-Orellana's family, including a brother who also served in the civil defense, continue to reside in El Salvador, apparently without any harm. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). Finally, Escobar-Orellana's evidence regarding the general level of violence in El Salvador was insufficient to show that he would be subjected to a "particularized threat of persecution." See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994); see also Mendez-Efrain, 813 F.2d at 282 (general level of violence or danger from anti-government forces does not establish persecution). Accordingly, we affirm the BIA's denial of Escobar-Orellana's request for asylum.
 
 
 8
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and Escobar-Orellana did not meet the lower standard, we affirm the BIA's denial of Escobar-Orellana's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because neither the IJ nor the BIA made an explicit finding regarding Escobar-Orellana's credibility, we must accept his testimony as credible. See Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994)